TIMPSON NORTHWESTERN RAILWAY COMPANY v. SANFORD & MORRIS.

Decided June 5, 1907.

**1.—Carriers of Freight—Over-Charge—Penalty.**

Under an agreement between a shipper and a railroad, the railroad was to handle all of the shipper's cars at a certain rate per car; the rate agreed upon on the interstate shipments was less than the railroad might have charged under the ruling of the Railroad Commission of Texas, but on the intrastate shipments it was greater than allowed by such ruling. In a suit for the excess charged on the intrastate shipments, the fact that less was charged than might have been charged on the interstate shipments, was no defense, and the over-charge having been made in pursuance of an agreement negatived the claim that it was unintentionally and innocently made through a mistake of fact.

**2.—Same—Switching Charges.**

Switching charges over the line of a connecting carrier can not be charged in addition to the freight rates prescribed by the Railroad Commission.

Appeal from the District Court of Shelby County. Tried below before Hon. James I. Perkins.

*Young & Stinchcomb,* for appellant.—The transaction was continuous, and, upon the whole, shows that the defendant charged the plaintiffs $1,910 less freight charges than it had a right to assess under the Railway Commission, and therefore there was no extortion. Rev. Stats., arts. 4593, 4594 and 4575; Chicago, R. I. & T. Ry. v. Henderson, 73 S. W. Rep., 36.

The defendant having to pay the Texas, Sabine Valley & Northwestern Railway Company $24 for transporting the eight cars across

its railway yard, $1.50 per car each way, it was proper for the said defendant company to assess this amount against the plaintiffs.

The Railway Commission rate being five cents per hundred pounds for lumber, for ten miles and less, it was no overcharge or extortion to have the plaintiffs pay therefor $6.50 per car.

*Blount & Garrison,* for appellees.—The Timpson Northwestern Railway Company being recognized by the Railroad Commission of Texas, was subject to the rates as promulgated by said Railroad Commission and having charged appellees $6.50 for each car of lumber shipped over its road and $3.00 additional charges for switching in addition to the regular tariff rate as promulgated by the railway commission of Texas from the point of origin to the point of destination, was clearly an overcharge for which the appellant was liable. Sayles Rev. Stats., art. 4575; Houston & T. C. Ry. Co. v. Lone Star Salt Co., 19 Texas Civ. App., 684; Gulf, C. & S. F. Ry. Co. v. The Lone Star Salt Co., 63 S. W. Rep., 1025.

JAMES, CHIEF JUSTICE.—The appeal is from a judgment for $52 overcharges on eight carloads of lumber and $24 switching charges overcharged and a penalty of $250.

The facts are substantially as follows: Appellees' planer was about five miles from Timpson, on appellant's line. This road on and after March 25, 1903, was subject to the rules and regulations of the Commission. From April 2, 1903, to August 12, 1904, plaintiffs at different times shipped out from their planer 155 carloads of lumber averaging between 38,000 and 40,000 pounds per car, all of which cars were for points beyond the State except eight. There was an agreement dated August 19, 1903, made between appellant and appellees, for, among other things, a charge of $6.50 per car between the planer and Timpson, the agreement being conditioned on its approval by the Commission which approval was denied during the same month, and therefore the agreement was of no effect. The aforesaid eight cars were shipped from October to December, 1903. The regular Commission rate on the eight carloads destined to Texas points, was the rate from Timpson to such points. It was agreed that the eight cars shipped by plaintiffs to destination took the regular Commission rate, and that defendants charged plaintiffs $6.50 over and above the rate as promulgated by the Commission on each car shipped, and it appears that plaintiffs denied liability therefor and paid it under protest.

The schedule of switching charges authorized by the Commission from and after March 1, 1903, was $1.50 per car for any distance of one mile or less. The eight cars in question were shipped out over the Houston, East & West Texas Railway and in doing this appellant had to move the cars across the yard of the Texas, Sabine Valley & N. W. Railway Company at Timpson and that railway charged appellant $1.50 per car each way, making $3.00, and appellant charged and collected from Sanford & Morris the same amount, and this collection was in addition to the prescribed rate for the shipments.

The second paragraph of defendant's trial amendment alleged as

follows: "That if it did make an overcharge on the cars of lumber destined to points within the State, the same was not made intentionally, but was innocently made through a mistake of fact, in that the defendant, as a part of the transaction of the handling of said cars of lumber, transported over the defendant's said line, during the time before mentioned, 146 carloads of lumber that were transported from Timpson, Texas, to points outside of the State of Texas, over other roads, weighing 40,000 pounds each, at $6.50 per car, when it could have, legally and under the rate prescribed by the Railroad Commission of Texas, charged the plaintiffs the sum of five cents per hundred pounds for said lumber, or $20 per car, being in the aggregate $2,920; that said cars of lumber were handled by the defendant in pursuance of a contract and understanding that said defendant was to transport all of the plaintiffs' cars of lumber between the planer mill of the plaintiff and Timpson, over the defendant's line, at said $6.50 per car, and that, upon the whole transaction, the plaintiffs were not overcharged by the defendant, but that the charges of all cars, taken together, were greatly less than allowed by the law and the Railroad Commission of Texas, and that therefore there was no overcharge and the plaintiff can not recover."

An exception was sustained to this plea, and the ruling forms the subject of the first assignment of error. Appellant's proposition is that the shipment of the lumber, both state and interstate, being one continuous transaction under one agreement it was permissible for the defendant to show that it transported 146 of the carloads destined beyond the State at $6.50 per car, when as to same it could have charged about $20 per car (that is to say 5 cents per hundred pounds), and hence there was no extortion committed by charging $6.50 per car for the eight local shipments.

The exception was properly sustained. Article 4575, Revised Statutes, provides that as to penalty the defendant may plead as a defense that the overcharge was unintentionally and innocently made through a mistake of fact. The matter alleged in the above pleading, as constituting the unintentional and innocent mistake, is nothing more than an assertion that having handled all the cars in pursuance of a contract or understanding for $6.50 per car, among which were 146 interstate cars, at a rate of $6.50 which was much less than it might have charged for such interstate cars, that therefore upon the whole transaction plaintiffs were not overcharged in respect to the eight local cars. The pleading referred to is based on the idea that there was an overcharge in reference to the eight cars, beyond the Commission rate, and it proceeds upon the idea that the overcharge was made in pursuance of an agreement, but contrary to the regulations of the Railroad Commission. It is not comprehended how under such conditions, the overcharge could have been innocently or unintentionally made and was the result of any mistake of fact.

The second and third assignments are that the court erred in rendering judgment for $250 penalty, or any penalty at all. The testimony showed that the sum of $6.50 per car was demanded and was paid by defendants under protest, that the railway was under the jurisdiction of the Commission, and that the charge was in

violation of the known regulations of the Commission, and was not innocently or unintentionally collected, but deliberately done for the reason that defendant's connecting lines would not give it a division of freight rates on any of said cars.    Mr. Ragley, agent of the appellant, testified that his road made application to be recognized by the Commission and "we could only charge the same rate as from Timpson.    After that I required Sanford & Morris to pay $6.50 per car extra.    At that time I knew that the rate .applied and charged should be the same from points on our road to the destination as from Timpson to destination."    There was no error therefore in awarding the actual damages of $52 nor in the penalty assessed.

There is also an assignment charging that the court erred in rendering judgment for $24 switching charges at Timpson, which defendant had to pay in running over the yard of the Texas, Sabine Valley & N. W. Railway Company to connect the said eight cars with the Houston, E. & W. T. Railway, over which they were shipped.    It appears that this was in addition to the prescribed rate on these shipments, it was therefore an overcharge.

*Affirmed.*

Writ of error refused.